No. 2020-1812

# United States Court of Appeals for the Federal Circuit

MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., nka Maxell Holdings, Ltd., MAXELL, LTD.,
*Plaintiffs-Appellees,*

*v.*

LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.,
*Defendants-Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, CASE NO. 2:15-CV-04431-SRC-CLW, JUDGE STANLEY R. CHESLER

## LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A., INC.'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING *EN BANC*

Michael J. McKeon
Christian A. Chu
R. Andrew Schwentker
Michael J. Ballanco
FISH & RICHARDSON P.C.
1000 Maine Ave. SW, Suite 1000
Washington, DC 20024
(202) 783-5070
mckeon@fr.com
chu@fr.com
schwentker@fr.com
ballanco@fr.com

*Counsel for LG Electronics Inc. and LG Electronics U.S.A., Inc.*

# CERTIFICATE OF INTEREST

Counsel for Defendants-Appellants LG Electronics Inc. and LG Electronics U.S.A., Inc. certifies the following:

1. Provide the full names of all entities represented by undersigned counsel in this case.

   **LG Electronics Inc. and LG Electronics U.S.A., Inc.**

2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

   **N/A**

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

   **LG Electronics Inc.: LG Corporation; LG Electronics U.S.A., Inc.: LG Electronics Inc.**

4. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **FISH & RICHARDSON P.C.: Ralph A. Phillips; Scott A. Elengold*; Jared M. Hartzman; Ryan M. Teel**
   **WALSH PIZZI O'REILLY FALANGA LLP: Liza M. Walsh; Selina M. Ellis**
   **MAYER BROWN LLP: Jamie B. Beaber; Michael W. Maas*; Hyunho Park*; Lisa Ferri; William J. Barrow; Anita Y. Lam***
   **POTTER MINTON: Michael E. Jones; Allen F. Gardner***
   **CONNELL FOLEY LLP: Jennifer Critchley; Reade W. Seligmann***

   *** No longer with the firm**

5. Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also

Fed. Cir. R. 47.5(b).

**Aside from the originating case number, no other case is known to the undersigned counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal.**

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

**N/A**

Dated: September 2, 2021

*/s/ Michael J. McKeon*
Michael J. McKeon

## TABLE OF CONTENTS


STATEMENT OF COUNSEL ........................................................................ 1

PRELIMINARY STATEMENT ................................................................. 2

ARGUMENT ............................................................................................ 4

I. The Panel's Non-Textual Requirement that a Motion Listed under Rule 4(a)(4)(A) Must "Relate to the Judgment Appealed From" to Toll the Appeal Deadline Is Incorrect ............................................................................ 4

A. The Panel's Ruling Cannot Be Reconciled with Rule 4's Text, Its Bright-Line Nature, or Its Interpretation by Other Circuits ............................................. 4

B. Neither Statute Nor Precedent Supports Applying Rule 4 Differently in Interlocutory Appeals Under §1292(c)(2) ................................................................ 7

1. The Panel's Illusory "Conflict with the Statute" Provides No Basis for Departing from Rule 4's Plain Text ............................ 7

2. The Cases Cited in the Panel Opinion Are Inapposite ............ 11

II. The Panel's Holding Injects Complexity and Ambiguity into Rule 4 and Frustrates the Purposes of §1292(c)(2) ...................... 13

CONCLUSION ....................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Budinich v. Becton Dickinson & Co.*,
486 U.S. 196 (1988)....................11, 12, 15

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
809 F.3d 1295 (Fed. Cir. 2015)....................15

*Davidson v. Sun Exploration & Prod. Co.*,
857 F.2d 988 (5th Cir. 1988)....................6

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)....................10

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)....................17

*F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*,
739 F.2d 284 (7th Cir. 1984)....................3, 6

*Grupo Dataflux v. Atlas Global Grp.*,
541 U.S. 567 (2004)....................13

*Hudson v. Pittsylvania Cty., Va.*,
774 F.3d 231 (4th Cir. 2014)....................8

*Jama v. Immigration & Customs Enforcement*,
543 U.S. 335 (2005)....................9

*Kirtsaeng v. John Wiley & Sons, Inc.*,
568 U.S .519 (2013)....................8

*Lane v. New Jersey*,
725 F. App'x 185 (3d Cir. 2018)....................11

*Lapides v. Bd. of Regents of Univ. Sys. of Ga.*,
535 U.S. 613 (2002)....................1, 13

*Leishman v. Associated Wholesale Elec. Co.*,
318 U.S. 203 (1943)....................................................................................8

*Marrical v. Detroit News, Inc.*,
805 F.2d 169 (6th Cir. 1986) ......................................................................6, 7

*Martin v. Campbell*,
692 F.2d 112, 115 (11th Cir. 1982) ...........................................................3, 5, 6

*McCowan v. Sears, Roebuck & Co.*,
908 F.2d 1099 (2d Cir. 1990) .........................................................................9

*Orr v. Plumb*,
884 F.3d 923 (9th Cir. 2018) .......................................................................14

*Osterneck v. Ernst & Whinney*,
489 U.S. 169 (1989).......................................................................11, 12, 15

*Phinney v. Houston Oil Field Material Co.*,
252 F.2d 357 (5th Cir. 1958) .........................................................................7

*Promega Corp. v. Life Techs. Corp.*,
875 F.3d 651 (Fed. Cir. 2017) .....................................................................14

*Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers*,
571 U.S. 177 (2014).....................................................................................12

*Robert Bosch, LLC v. Pylon Manufacturing Corp.*,
719 F.3d 1305, 1316 (Fed. Cir. 2013) .........................................................16

*Russello v. United States*,
464 U.S. 16 (1983).........................................................................................9

*Samantar v. Yousuf*,
560 U.S. 305 (2010)........................................................................................8

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
137 S. Ct. 954 (2017)....................................................................................10

*Scola v. Beaulieu Wielsbeke, N.V.*,
131 F.3d 1073 (1st Cir. 1997).........................................................................8

*Stevens v. Jiffy Lube Int'l, Inc.*,
911 F.3d 1249 (9th Cir. 2018) ....................................................................13

*TC Heartland LLC v. Kraft Foods Grp.*,
137 S. Ct. 1514 (2017)....................................................................................10

*Trimble Inc. v. PerDiemCo LLC*,
997 F.3d 1147 (Fed. Cir. 2021) ....................................................................10

*U.S. for Use of Pippin v. J.R. Youngdale Constr. Co.*,
923 F.2d 146 (9th Cir. 1991) ........................................................................6

*United States v. Gonzales*,
520 U.S. 1 (1997)........................................................................................4, 5

*United States v. Rosenwasser*,
323 U.S. 360 (1945)........................................................................................5

*United States v. Sisson*,
399 U.S. 267 (1970)......................................................................................13

*Walker v. Bank of Am. Nat'l Trust & Sav. Ass'n*,
268 F.2d 16 (9th Cir. 1959) ............................................................................7

*Westine v. United States*,
263 F. App'x 879 (Fed. Cir. 2008) ..................................................................8

*White v. New Hampshire Dep't of Employment Sec.*,
455 U.S. 445 (1982)..........................................................................5, 12, 15

**Statutes and Rules**

28 U.S.C. §1291 ....................................................................................8, 9, 11

28 U.S.C. §1292(b) ............................................................................................9

28 U.S.C. §1292(c)(2)...................................................................................*passim*

28 U.S.C. §2107(a) .....................................................................................*passim*

Fed.Cir.R. 47.5 ...............................................................................................15

Fed.R.App.P. 4(a) ..........................................................................................10

Fed.R.App.P. 4(a)(4) ........................................................................ *passim*

Fed.R.App.P. 4(a)(4)(A) .................................................................... *passim*

Fed.R.App.P. 4(a)(4)(A)(i)-(vi) ............................................................ 13

Fed.R.App.P. 4(a)(4)(A)(iii) ........................................................ 5, 12, 15

Fed.R.App.P. 4(a)(4)(B)(ii) ................................................................. 2, 4

Fed.R.App.P 4 Advisory Committee's Notes (1993 Amendment) ...................... 12

Fed.R.Civ.P. 54 ......................................................................................... 5

Fed.R.Civ.P. 58 ................................................................................. 5, 12

Fed.R.Civ.P. 58(c) ..................................................................................... 14

Fed.R.Civ.P. 59(e) ......................................................................... 6, 7, 9, 11

**Other Authorities**

H.R. Rep. No. 1890, 69th Cong., 2d Sess. 1 (1927) ........................................... 16

## STATEMENT OF COUNSEL

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance:

1. The Supreme Court has repeatedly admonished that "jurisdictional rules should be clear." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 621 (2002). Federal Rule of Appellate Procedure 4(a)(4)—which governs appellate jurisdiction by specifying the time within which a notice of appeal "must" be filed if specified post-trial motions are filed below—implements the Supreme Court's admonition through a clear, bright-line directive by stating that "the time to file an appeal runs ***for all parties*** from the entry of the order disposing of the ***last such remaining motion***." Fed.R.App.P. 4(a)(4)(A).[1] If an appellant follows the Rule's bright-line instruction by waiting to file its notice of an interlocutory appeal to this Court under 28 U.S.C. §1292(c)(2) until the district court "dispos[ed] of the last such remaining motion," does the Court nevertheless lack jurisdiction if the last such remaining motion does not "relate to" the particular judgment being appealed?

Dated: September 2, 2021 /s/ Michael J. McKeon
Michael J. McKeon

[1] All emphases in this petition have been added, unless otherwise noted.

## PRELIMINARY STATEMENT

Federal Rule of Appellate Procedure 4(a)(4)(A) provides that certain motions—such as motions for a new trial, for judgment as a matter of law ("JMOL"), or to alter or amend a judgment—toll the time for filing a notice of appeal. Rule 4(a)(4)(B)(ii) further provides that a party "intending to challenge an order disposing of" one such motion "must file a notice of appeal" as "measured from the entry of the order disposing of the last such remaining motion."

In this case, the jury returned a verdict of infringement and no invalidity and awarded damages. Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. ("LG") timely filed motions seeking, *inter alia*, JMOL or a new trial on infringement, invalidity, and damages. Each of LG's post-trial motions is undisputedly a tolling motion listed in Rule 4(a)(4)(A). In September 2019, the trial court issued an order disposing of some, but not all, of LG's post-trial motions. The trial court resolved the last post-trial motion in April 2020. Although LG intended to challenge the September 2019 order, it followed the explicit instruction of Rule 4(a)(4)(B)(ii) by waiting to file its notice of appeal within the time "measured from the entry of the order disposing of the ***last*** such remaining motion."

Neither Rule 4(a)(4) nor the applicable jurisdictional statute, 28 U.S.C. §1292(c)(2), uses the word "related" or any variant thereof. Yet the Panel's opinion holds that the time for LG's appeal should be measured from the September 2019

order, not the April 2020 order, because Rule 4(a)(4)(A)'s "enumerated motions can only toll the time to appeal if they ***relate*** to the interlocutory judgment" on appeal. Panel Op. 4-8.

Other circuits have explicitly rejected such a relatedness requirement in construing Rule 4(a)(4). In *Martin v. Campbell*, for example, the court held that Rule 4(a)(4)'s tolling provisions are "no less applicable" when the "motion ***did not relate*** to the judgment sought to be appealed." 692 F.2d 112, 115 (11th Cir. 1982); *accord, e.g.*, *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 739 F.2d 284, 284 (7th Cir. 1984) (it "makes no difference at all" under Rule 4(a)(4)(A) whether the issues raised in the appeal are related to those in the pending motion).

Neither the interlocutory posture of this appeal nor the patent-specific nature of §1292(c)(2) justifies departing from the bright-line approach followed in other circuits (and specified by the Rule). Under §1292(c)(2), judgments in patent cases that are "final except for an accounting" are appealable. 28 U.S.C. §2107(a) provides that such appeals must be brought within 30 days of entry of the judgment. Rule 4, in turn, governs when §2107(a)'s 30-day deadline is tolled by motions in the trial court. The applicable statutes and rules thus operate in harmony, just as they do in ordinary appeals from final judgments. By crafting a patent-specific tolling rule for appeals under §1292(c)(2), that applies Rule 4 differently to interlocutory appeals, the Panel's opinion introduces complexity and uncertainty to an area where

simplicity and certainty are especially important, resulting in the type of patent-specific rule that the Supreme Court has repeatedly rejected.

The Court should grant panel rehearing or rehearing *en banc* to realign this Court's tolling rules with those governing civil litigation generally, as uniformly applied in this Court's sister circuits.

## ARGUMENT

### I. The Panel's Non-Textual Requirement that a Motion Listed under Rule 4(a)(4)(A) Must "Relate to the Judgment Appealed From" to Toll the Appeal Deadline Is Incorrect

#### A. The Panel's Ruling Cannot Be Reconciled with Rule 4's Text, Its Bright-Line Nature, or Its Interpretation by Other Circuits

Rule 4(a)(4)(A)'s text is clear that ***any*** listed motion—not just those "relate[d] to the judgment appealed from"—tolls the time for appeal: "If a party files in the district court ***any*** of the following motions … within the time allowed by" the Federal Rules of Civil Procedure, then "the time to file an appeal runs for all parties from the entry of the order disposing of the ***last*** such remaining motion." Fed.R.App.P. 4(a)(4)(A). Rule 4(a)(4)(B)(ii) further states that "[a] party intending to challenge an order disposing of ***any*** motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such motion, ***must*** file a notice of appeal … within the time prescribed by this Rule ***measured from the entry of the order disposing of the <u>last</u> such*** remaining motion." Fed.R.App.P. 4(a)(4)(B)(ii). "Read naturally, the word 'any' has an expansive meaning, that is, 'one or some

indiscriminately of whatever kind.'" *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting *Webster's Third New International Dictionary* 97 (1976)); *see also United States v. Rosenwasser*, 323 U.S. 360, 362-63 (1945). Thus, interpreting Rule 4(a)(4)(A) as limited to motions "related to" the judgment on appeal, *see* Panel Op. 7-8, has "no basis" in the Rule's text, *see Gonzales*, 520 U.S. at 5.

Indeed, Rule 4 expressly ***includes*** certain motions unrelated to the appealed judgment among its enumerated tolling motions. For example, Rule 4 tolls the appeal deadline based on motions "for attorney's fees under Rule 54" as long as "the district court extends the time to appeal under Rule 58." Fed.R.App.P. 4(a)(4)(A)(iii). Such tolling is significant because "a request for attorney's fees … raises legal issues collateral to," "separate from," and hence unrelated to the merits. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451-52 (1982). The Rule's express inclusion of motions that are unrelated to the judgment being appealed further shows that the Panel opinion cannot be correct that tolling motions must be "related" to the appealed judgment.

Decisions from other circuits confirm that the Rule means what it says. In *Martin v. Campbell*, the appellant did what the Panel holds LG should have done here: she filed a notice of appeal while a post-trial motion unrelated to the appeal was still pending. The Eleventh Circuit held that her notice of appeal was improper because the tolling provisions of Rule 4(a)(4) are "mandatory" and that "[t]he

language of the rule" is "***no less applicable*** because there are two judgments and the pretrial motion ***did not relate*** to the judgment sought to be appealed." *Martin*, 692 F.2d at 115. Under since-superseded provisions of Rule 4, a premature notice of appeal was a nullity, and because the appellant had filed her notice before a specified post-trial motion had been disposed of, the Eleventh Circuit dismissed her appeal. *Id.* at 114-16.

Following *Martin*, the Seventh Circuit in *F.E.L.* considered whether a Rule 59(e) motion "addressed to part of the judgment that disposed of [a] copyright claim" tolled the deadline to appeal "from the parts that disposed of the plaintiff's tortious interference and exemplary damages claims." 739 F.2d at 284. Citing *Martin* and based on Rule 4(a)(4)'s plain language, the Seventh Circuit held that it "***makes no difference at all***" whether the motion for a new trial was related to the claims on appeal. *Id.*; *see also U.S. for Use of Pippin v. J.R. Youngdale Constr. Co.*, 923 F.2d 146, 149 (9th Cir. 1991) (noting that, under *F.E.L.*, an enumerated motion tolls the appeal deadline "even if the motion concerns issues ***unrelated*** to the issues appealed").

Decisions in other circuits similarly reject any relatedness requirement for purposes of tolling the appeal deadline. *Davidson v. Sun Exploration & Prod. Co.*, 857 F.2d 988, 988 & n.2 (5th Cir. 1988) ("A motion for a new trial ***on only some issues*** activates the provisions of appellate Rule 4(a)(4) ***on all issues***."); *Marrical v.*

*Detroit News, Inc.*, 805 F.2d 169, 171 (6th Cir. 1986) ("[T]he timely motions for reconsideration filed by other defendants operated to toll the time to appeal for [Appellant]."); *Walker v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 268 F.2d 16, 19-20 (9th Cir. 1959) (a Rule 59(e) motion tolled the deadline to appeal even though the motion related solely to a claim against a different defendant); *Phinney v. Houston Oil Field Material Co.*, 252 F.2d 357, 358-361 (5th Cir. 1958) (a motion for a new trial filed by a different party tolled the deadline for an intervenor to appeal).

In sum, both Rule 4's text and all the relevant precedent are unequivocal: a motion does ***not*** need to be "related" to the underlying judgment to toll the time to appeal under Rule 4(a)(4). The Panel's holding is thus inconsistent with the rulings of other courts of appeals, with the Rule's text, and with the clarity the rulemakers sought to provide. Rehearing is therefore warranted.

### B. Neither Statute Nor Precedent Supports Applying Rule 4 Differently in Interlocutory Appeals Under §1292(c)(2)

#### 1. The Panel's Illusory "Conflict with the Statute" Provides No Basis for Departing from Rule 4's Plain Text

The Panel's opinion reads its relatedness requirement into Rule 4(a)(4) to avoid a purported "conflict with the statute," although it does not identify any actual conflict between a straightforward application of Rule 4(a)(4) and any statutory text. *See* Panel Op. 7. No such conflict exists.

Section 2107(a), which governs the time to appeal, is silent regarding tolling provisions. *See* 28 U.S.C. §2107(a). This silence confirms Congress's intent to maintain the "general rule," in existence before §2107(a)'s enactment and now embodied in Rule 4: Where "a motion for a new trial, or … to amend or modify a judgment is seasonably made and entertained, the time for appeal does not begin to run until the disposition of the motion." *Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 205 (1943); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S .519, 538 (2013) ("'[W]hen a statute covers an issue previously governed by the common law,' we must presume that 'Congress intended to retain the substance of the common law.'" (quoting *Samantar v. Yousuf*, 560 U.S. 305, 320 n.13 (2010) (alteration in the original)). Both this Court and other circuits have thus consistently held that a timely motion listed in Rule 4(a)(4) tolls §2107's deadline, recognizing that Rule 4 and §2107(a) are complementary and not conflicting. *See, e.g.*, *Scola v. Beaulieu Wielsbeke, N.V.*, 131 F.3d 1073, 1075 (1st Cir. 1997); *Hudson v. Pittsylvania Cty., Va.*, 774 F.3d 231, 235 (4th Cir. 2014); *Westine v. United States*, 263 F. App'x 879, 880 (Fed. Cir. 2008).

Rule 4 is also entirely consistent with §1292(c)(2). Section 1292(c)(2) merely permits appeals from certain patent infringement judgments before they are final under 28 U.S.C. §1291; it says nothing about the ***time*** to appeal. 28 U.S.C. §1292(c)(2). Nor can §1292(c)(2) reasonably be read as permitting different

treatment with respect to the time for an interlocutory patent appeal under this section. Elsewhere in §1292, Congress explicitly provided for different appeal deadlines for other types of interlocutory appeals. *E.g.*, 28 U.S.C. §1292(b) (stating that an application to appeal must be made "within ten days after the entry of the order"). Under basic principles of statutory interpretation, this precludes imposing any patent-specific timing requirement for §1292(c)(2). *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion"); *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 341 (2005).

Rule 4 thus plays the same harmonious role for interlocutory appeals under §1292(c)(2) as it does for appeals from final judgments under §1291. Section 1292(c)(2), like §1291, specifies when a judgment becomes appealable. Section 2107(a) specifies the time limit for bringing both types of appeals, while Rule 4 provides the same tolling rules for both interlocutory appeals and those from final judgments. *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1104 (2d Cir. 1990) ("The fact that the order appealed from is interlocutory does not change the interplay between Rule 59(e) and Rule 4(a)(4); the interest in harmonizing the operations of the district and appellate courts where post-decisional review is sought

remains the same whether the district court decision appealed from is interlocutory or a final judgment.").

By interpreting Rule 4(a)(4) differently for interlocutory appeals under §1292(c)(2), the Panel's opinion conflicts with the Supreme Court's repeated admonishment that "patent law is governed by the same … procedural rules as other areas of civil litigation." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 964 (2017) (cleaned up); *see also eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393-94 (2006); *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1154-55 (Fed. Cir. 2021) (noting that the Supreme "Court has repeatedly rejected special rules for patent litigation in the context of rules governing civil litigation generally").

To be sure, the interlocutory appeals addressed in §1292(c)(2) apply only to patent cases. But nothing in that section "place[s] patent infringement cases in a class by themselves" with respect to the time for bringing an appeal or the applicable tolling rules. *TC Heartland LLC v. Kraft Foods Grp.*, 137 S. Ct. 1514, 1518 (2017). Indeed, as discussed above, section 1292(c)(2) does not even mention the time for appeal. The Panel's opinion even recognizes that "[a]ppeals under §1292(c)(2) are subject to the time limits prescribed by 28 U.S.C. §2107(a)," Panel Op. 4, *i.e.*, the same time limits applied in "other areas of civil litigation." *SCA Hygiene*, 137 S. Ct. at 964. Nor does anything in the Federal Rules, *see* Fed.R.App.P. 4(a), purport to

provide different requirements for interlocutory patent infringement appeals. Simply put, there is no basis to interpret Rule 4(a)(4) differently in interlocutory patent appeals under §1292(c).

**2. The Cases Cited in the Panel Opinion Are Inapposite**

To justify its divergence from Rule 4's text and the precedent of other circuits, the Panel cited only two inapposite cases. First, the Panel cited the Third Circuit's nonprecedential decision in *Lane v. New Jersey,* 725 F. App'x 185, 187 (3d Cir. 2018), as "consistent" with the Panel's "reading of FRAP 4(a)(4) because it involved tolling for an enumerated motion related to the interlocutory judgment being appealed." Panel Op. 7. But, *Lane* ***upheld*** appellate jurisdiction and presented no issue about the "relatedness" of the motion filed below to the preliminary injunction being appealed. To say that an appellate court ***does*** have jurisdiction when a Rule 4(a)(4) motion "relates" to the underlying judgment does not mean it ***lacks*** jurisdiction in the opposite situation.

Second, the Panel cited *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). Panel Op. 4-5. But, understood properly, *Budinich* refutes the Panel's holding rather than support it. As an initial matter, the issue in *Budinich* "was not whether a particular kind of motion constitutes a Rule 59(e) motion" which tolled the deadline to appeal, "but rather the related question whether a judgment is final under 28 U.S.C. §1291 when a motion for attorney's fees remains to be resolved."

*Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). Tolling, of course, comes into play only once a judgment is otherwise final (or non-final but appealable). *See Budinich*, 486 U.S. at 200 ("The foregoing discussion is ultimately question-begging, however, since it assumes that the order to which the fee issue was collateral ***was*** an order ending litigation on the merits.").

Critically, *Budinich* also reaffirmed the Supreme Court's holding in *White* that attorneys' fees are "uniquely separable from the cause of action to be proved at trial," *White*, 455 U.S. at 452; *Budinich*, 486 U.S. at 200 ("[A] request for attorney's fees … raises legal issues collateral to and separate from the decision on the merits." (cleaned up)). In other words, *Budinich* confirms that attorney's fees are "unrelated" to the underlying merits judgment. *See id.* Yet, as amended following *Budinich*, Rule 4(a)(4)(A)(iii) expressly tolls the appeal deadline upon the filing of attorney's fees motions, provided the district court extends the time to appeal under Rule 58. Fed.R.App.P. 4(a)(4)(A)(iii); *see also* Fed.R.App.P 4, Notes of Advisory Committee—1993 Amendment. Thus, *Budinich* shows that, contrary to the Panel's opinion, motions "unrelated" to the appealed judgment can nevertheless toll the deadline to appeal. 486 U.S. at 200; *see also Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers*, 571 U.S. 177, 187 (2014).

## II. The Panel's Holding Injects Complexity and Ambiguity into Rule 4 and Frustrates the Purposes of §1292(c)(2)

The Supreme Court has repeatedly emphasized the importance of clarity for jurisdictional rules. *E.g.*, *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 621 (2002) ("[J]urisdictional rules should be clear."); *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 582 (2004) ("Uncertainty regarding the question of jurisdiction is particularly undesirable, and collateral litigation on the point particularly wasteful."); *United States v. Sisson*, 399 U.S. 267, 307 (1970) ("Clarity is to be desired in any statute, but in matters of jurisdiction it is especially important.").

Rule 4(a)(4), under its unambiguous text and as interpreted in other circuits, provides a straightforward, easily administrable approach. A post-trial motion tolls the deadline to appeal as long as it meets two requirements: (1) the motion is timely under the Federal Rules of Civil Procedure; and (2) it is among the motions listed in Rule 4(a)(4)(A)(i)-(vi). Fed.R.App.P. 4(a)(4); *see also Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251 (9th Cir. 2018) ("[T]o toll the appeal deadline, the post-judgment motion must merely be timely … and among the types of motions listed in [Rule] 4(a)(4)(A)(i)-(vi)."). This uncomplicated approach is consistent with the Supreme Court's repeated emphasis on the importance of clarity for jurisdictional rules. *E.g.*, *Lapides*, 535 U.S. at 621; *Grupo*, 541 U.S. at 582; *Sisson*, 399 U.S. at 307.

In contrast, the nebulous "related" standard imposed by the Panel's opinion is a recipe for confusion and wasteful collateral litigation. First, it is not even clear why the Panel concluded that LG's motion for JMOL, a new trial, or remittitur regarding the damages award was "unrelated" to the judgment LG appealed. *See* Panel Op. 8. The jury rendered verdicts regarding both liability and damages, and those verdicts were constructively entered as a judgment 150 days later under Federal Rule of Civil Procedure 58(c). *See Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018). LG's motion for JMOL, a new trial, or remittitur was plainly "related" to that judgment.

Even if the "judgment" were the trial court's September 2019 order denying LG's motions regarding infringement and invalidity, as Mondis argued (an issue the Panel did not decide, *see* Panel Op. 6), it is difficult to see how LG's motion for JMOL, a new trial, or remittitur regarding damages did not "relate" to that order. After all, that very same order ***granted*** LG's damages-related motion in part by vacating the jury's damages award. Appx329. And the damages-related issues left undecided by the September 2019 order could have been entirely ***case dispositive*** if the trial court had found that Mondis forfeited its right to ***any*** damages award. *See* Appx326 (citing *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 666 (Fed. Cir. 2017)). Given that the only asserted patent expired years before the judgment, *see* Appx328, that is sufficient to render at least the *Promega* forfeiture issue "related"

to the liability determination, at least as the term "related" is normally understood. *Cf.* Fed.Cir.R. 47.5 (stating that "related cases" includes "any case … that will directly affect or be directly affected by this court's decision in the pending appeal").

Second, damages issues—like those left unresolved in the September 2019 order—broadly "relate" to liability. As the Supreme Court held in *Osterneck*, prejudgment interest, unlike attorneys' fees, "does not raise issues wholly collateral to the judgment in the main cause of action," and does not "require an inquiry wholly separate from the decision on the merits." 489 U.S. at 175-76 (cleaned up). That reasoning applies with even more force to damages determinations in patent infringement actions, which likewise involve facts "intertwined in a significant way with the merits of the plaintiffs' primary case." *See id.* For example, among other areas of overlap, the content of the prior art is usually relevant to a proper apportionment of reasonable royalty damages. *E.g.*, *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015).

Third, applying the Panel's relatedness requirement becomes even more difficult when the motions in question are, by their nature, somewhat ancillary to the merits. For example, certain motions for attorneys' fees can toll the appeal deadline under Rule 4(a)(4)(A)(iii). Yet, *Budinich* views attorneys' fees as "'collateral to' and 'separate from' the decision on the merits." 486 U.S. at 200 (quoting *White*, 455 U.S. 445). Thus, the Panel's relatedness requirement appears to exclude attorneys'

fees motions, although such motions are expressly listed among Rule 4(a)(4)'s tolling motions. Given the ambiguity created by this new "relatedness" requirement, parties will be forced to routinely file protective appeals at each stage of post-trial litigation to preserve their right to an interlocutory appeal under §1292(c)(2).

Fourth, the Panel's holding substantially undermines the purpose of §1292(c)(2). As this Court emphasized *en banc* in *Robert Bosch, LLC v. Pylon Manufacturing Corp.*, "[m]odern patent damages trials … are notoriously complex and expensive" and a "drain on scarce judicial resources." 719 F.3d 1305, 1316 (Fed. Cir. 2013). Moreover, "the whole expense of a damages trial is often wasted" given "the substantial reversal rate of liability determinations on appeal." *Id.* Congress enacted §1292(c)(2) to prevent precisely that waste of resources. *See id.* (citing H.R. Rep. No. 1890, 69th Cong., 2d Sess. 1 (1927)).

Requiring parties to file premature appeals to avail themselves of this important right wastes the resources of both litigants and the courts. While all interlocutory appeals create some risk of piecemeal appellate litigation, the Panel's holding compounds the problem by requiring interlocutory appeals to be brought before a trial court even determines whether the case is "final except for an accounting." 28 U.S.C. §1292(c)(2). In the more common case where a new trial is not ordered, the Panel's approach needlessly requires at least two appeals—one filed as soon as liability issues appear to be determined, and another after damages issues

are resolved. For example, if the trial court in this case had issued one order addressing noninfringement and invalidity then a separate order denying relief with respect to damages a few months later, this Court would be faced with two separate appeals from the same final judgment that would be proceeding on separate tracks, perhaps before separate panels. And more motion practice is likely as litigants struggle with the degree of relatedness or the finality of the liability issues.

Here, LG appealed a judgment that was "final except for an accounting," thus meeting the statutory requirements of §1292(c)(2), and timely brought its appeal within 30 days from entry of the order disposing of the last tolling motion, as required by §2107(a) and Rule 4. The Panel's approach, which exacerbates the disadvantages of interlocutory appeals while undermining their benefits, should therefore be reheard. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

## CONCLUSION

The Court should grant rehearing or rehearing *en banc*.

Dated: September 2, 2021

Respectfully submitted,

*/s/ Michael J. McKeon*

Michael J. McKeon
Christian A. Chu
R. Andrew Schwentker
Michael J. Ballanco
FISH & RICHARDSON P.C.
1000 Maine Ave., Suite 1000
Washington, DC 20024

Tel: (202) 783-5070
mckeon@fr.com
chu@fr.com
schwentker@fr.com
ballanco@fr.com

*Counsel for LG Electronics Inc. and LG Electronics U.S.A., Inc.*

# ADDENDUM

# United States Court of Appeals for the Federal Circuit

______________________

**MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., NKA MAXELL HOLDINGS, LTD., MAXELL, LTD.,**
*Plaintiffs-Appellees*

**v.**

**LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Defendants-Appellants*

______________________

2020-1812

______________________

Appeal from the United States District Court for the District of New Jersey in No. 2:15-cv-04431-SRC-CLW, Judge Stanley R. Chesler.

______________________

Decided: August 3, 2021

______________________

MARTIN JAY BLACK, Dechert LLP, Philadelphia, PA, argued for plaintiffs-appellees. Also represented by JEFFREY EDWARDS; JEFFREY B. PLIES, Austin, TX.

MICHAEL J. MCKEON, Fish & Richardson PC, Washington, DC, argued for defendants-appellants. Also represented by MICHAEL JOHN BALLANCO, CHRISTIAN A. CHU, ROBERT ANDREW SCHWENTKER.

______________________

Before DYK, PROST*, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

LG Electronics Inc. and LG Electronics USA, Inc. seek interlocutory review of a decision of the United States District Court for the District of New Jersey denying LG certain relief with respect to the liability portion of this case. Because LG's notice of appeal was not filed within thirty days of the date at which the liability issues became final except for an accounting, LG's appeal is untimely. We dismiss the matter for lack of jurisdiction.

I

Plaintiff Mondis Technology Ltd. (Limited) is the assignee of U.S. Patent No. 7,475,180, which is directed generally to a display unit configured to receive video signals from an external video source. *See* '180 patent at 2:37–3:48. In 2014, Limited brought this action for patent infringement against Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively LG). After the district court granted Limited leave to join Hitachi Maxell Ltd. and Maxell, Ltd. (collectively Hitachi) as plaintiffs to address a standing challenge brought by LG, the case proceeded to a jury trial. The jury found that the accused LG televisions infringed claims 14 and 15 of the '180 patent, that the claims were not invalid, and that LG's infringement was willful, and awarded Plaintiffs (collectively Mondis) $45 million in damages.

Following the jury verdict, LG filed several post-trial motions including: (1) a motion for JMOL or new trial of non-infringement, (2) a motion for JMOL or new trial of invalidity, and (3) a motion for JMOL, new trial, or

---

* Circuit Judge Sharon Prost vacated the position of Chief Judge on May 21, 2021.

remittitur regarding the damages award and willfulness finding. *Mondis Tech. Ltd v. LG Elecs., Inc.*, 407 F. Supp. 3d 482, 484 (D.N.J. Sept. 24, 2019) (*September Order*). Mondis also filed post-trial motions seeking enhanced damages, attorney's fees, and interest. *Id.*

The district court disposed of the post-trial motions in two separate orders. On September 24, 2019, the district court denied LG's motions regarding infringement, invalidity, and willfulness but ordered further briefing on damages. *September Order*, 407 F. Supp. 3d at 502–03. Then, on April 22, 2020, the district court granted LG's motion for a new trial on damages. *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. CV 15-4431, 2020 WL 1933979, at *5–6 (D.N.J. Apr. 22, 2020) (*April Order*).

Following the April Order, on May 8, 2020, LG filed notice of this interlocutory appeal. LG seeks to challenge the district court's decision denying LG's post-trial motions regarding infringement, invalidity, and willfulness (all of which were decided in the September Order). LG also challenges the district court's pretrial decision to allow the joinder of Hitachi and argues that, without such joinder, Limited lacks statutory authority to bring suit.

After LG filed its notice of appeal, Mondis moved to dismiss the appeal as untimely, arguing that LG needed to file notice of appeal within thirty days of the September Order. We ordered the parties to address jurisdiction in the merits briefing.

## II

We have jurisdiction to hear certain interlocutory appeals under 28 U.S.C. § 1292(c)(2), which provides the Federal Circuit with exclusive jurisdiction over "an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except

for an accounting." Appeals under § 1292(c)(2) are subject to the time limits prescribed by 28 U.S.C. § 2107(a):

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

Thus, LG had thirty days from the date at which the district court's judgment became "final except for an accounting" to file an interlocutory appeal.

We have previously held that under § 1292(c)(2), a judgment is final except for an accounting when all liability issues have been resolved, and only a determination of damages remains. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1313 (Fed. Cir. 2013) (en banc) ("An 'accounting' in the context of § 1292(c)(2) includes the determination of damages . . . ."). LG does not challenge this holding, nor could it, since LG seeks interlocutory review of the district court's liability determination while damages remain outstanding.

In this case, all liability issues were resolved with the district court's September Order which ruled on LG's post-trial motions regarding infringement and invalidity and left only damages-related motions outstanding. Therefore, for the purposes of appeal under § 1292(c)(2), this case was final except for an accounting after the September Order, and LG had thirty days from the September Order to file notice of interlocutory appeal. Since LG did not file its notice of appeal until May 8, 2020, more than seven months after the September Order, LG's appeal is untimely, and we lack jurisdiction to consider the matter.

Our ruling is consistent with the Supreme Court's decision in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). Following a jury verdict in a diversity case removed

to federal district court, the petitioner in *Budinich* timely filed motions for a new trial and for attorney's fees. *Id.* at 197. In a first order, the district court denied the new-trial motions but did not resolve attorney's fees. *Id.* at 197–98. Months later, the district court issued a final order resolving attorney's fees. *Id.* at 198. Within thirty days of the final order, the petitioner filed notice of appeal covering all the district court's post-trial orders. *Id.* The petitioner argued that such an appeal was timely with respect to the merits, relying on a provision of Colorado state law which instructed that a claim was not final and appealable until attorney's fees had been determined. *Id.* The Supreme Court disagreed, finding that federal law governed under the Supremacy Clause, and that under federal law, the merits decision was final after the first post-trial order that resolved all issues except for attorney's fees. *Id.* at 200 ("[W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain . . . ."). Similarly, here the district court's decision was final as to liability at the time of the September Order that resolved all liability issues. Just as the outstanding matter of attorney's fees could not toll the time for appeal in *Budinich*, the outstanding damages determination cannot toll the time for LG to appeal here.

III

LG's timeliness arguments focus on the Federal Rules, rather than the statutory requirements for jurisdiction. As an initial matter, the Rules cannot override federal statute any more than state law could do so in *Budinich*, and to the extent that there is any conflict between the Rules and federal statutes, the statutes must prevail. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[The Supreme Court] has no authority to create equitable exceptions to jurisdictional requirements . . . ."). But we do not read any conflict between the Rules and the statutory requirements of appeal and conclude that, read together, the statutes and the Rules bar this interlocutory appeal.

The parties first disagree over what interlocutory judgment is being challenged in this appeal. Mondis argues that LG is appealing from the September Order because that order resolved all liability issues such that the judgment became final except for an accounting. LG argues that the underlying judgment being challenged is the jury's special verdict, which was constructively entered as a judgment by operation of Rule 58(c) of the Federal Rules of Civil Procedure (FRCP) on September 9, 2019, prior even to the September Order.[1]

We agree with Mondis that the September Order is the operative date that started the thirty-day clock to file a notice of appeal, because that is the date that all liability issues became final, such that the judgment on liability became ripe for an appeal. No matter what judgment is being challenged, the date that matters under § 1292(c)(2) is the date at which the case became final except for an accounting.

The parties next dispute the effect of Rule 4 of the Federal Rules of Appellate Procedure (FRAP). FRAP 4(a)(4) instructs that, if a party timely files any of several enumerated motions, including post-trial motions for judgment under FRCP 50(b) or for a new trial under FRCP 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."

---

[1] However, when asked at oral argument, LG's attorney appeared to agree that the September Order was being challenged. *See* Oral Arg. at 0:35–0:48, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1812_05062021.mp3 (Q: "What is the interlocutory order that you're challenging?" A: "We're challenging the liability order—the September 2019 liability order.")

LG timely filed post-trial motions including the liability-related motions ruled on by the district court in the September Order and the damages-related motions ruled on by the district court in the April Order. Because the entry of the order disposing of the last remaining post-trial motion occurred in the April Order, LG argues that Rule 4(a)(4) tolled the start of the thirty-day clock for appeal until the entry of the April Order.

We disagree with LG's interpretation of FRAP 4 when applied to an interlocutory appeal under § 1292(c)(2). FRAP 4(a)(4) applies to both interlocutory appeals and final appeals. *See, e.g.*, *Lane v. New Jersey*, 725 F. App'x 185, 187 (3d Cir. 2018) (applying FRAP 4(a)(4) in an interlocutory appeal). But when FRAP 4(a)(4) pertains to interlocutory appeals under § 1292(c)(2), the enumerated motions can only toll the time to appeal if they relate to the interlocutory judgment such that the judgment is not final except for an accounting until the court disposes of the motions. To read the Rule to toll the interlocutory appeal period for motions unrelated to the interlocutory judgment would conflict with the statute. *Lane* is consistent with this reading of FRAP 4(a)(4) because it involved tolling for an enumerated motion related to the interlocutory judgment being appealed. *See* 725 F. App'x at 187 (holding that FRAP 4(a)(4) tolled time to appeal the denial of a preliminary injunction until the district court ruled on a related FRCP 59 motion to alter or amend the judgment). Thus, here, Rule 4(a)(4) did toll the time to file the interlocutory appeal regarding liability based on the post-trial motions concerning liability, but only until those motions were resolved—September 24, 2019.

LG argues that the text of FRAP 4(a)(4) requires that the timeframe for an interlocutory appeal must be tolled even for motions unrelated to the judgment being appealed. *See* Appellant's Reply Br. at 4 (citing the provision of FRAP 4(a)(4)(A)(ii) that motions under FRCP 52(b) can toll, "whether or not granting the motion would alter the

judgment”). At most, this suggests that a timely motion will toll the time for appeal even though the judgment being appealed will not be altered. But it does not suggest that a motion need not relate to the judgment appealed from. FRCP 52(b) motions to amend or make additional factual findings related to an interlocutory judgment being appealed might not alter the judgment, but, while they remain outstanding, the interlocutory judgment is not final except for an accounting because the district court’s decision could be affected. When only motions unrelated to the judgment being appealed remain, the judgment is final except for an accounting and the time to file an interlocutory appeal begins.

Because FRAP 4(a)(4) does not toll the interlocutory-appeal period for outstanding motions unrelated to the interlocutory judgment, the damages motions that remained outstanding after the September Order did not toll the time frame for LG to file its notice of appeal on the liability portion of this case. Thus, Rule 4(a)(4) is consistent with the combined requirements of § 1292(c)(2) and § 2107(a) that notice of appeal be filed within thirty days of the date at which the case became final except for an accounting. Because LG did not file its notice of appeal within thirty days of the issuance of the September Order, its notice of interlocutory appeal was untimely.

## IV

As a final matter, we note that interlocutory appeals are voluntary, and LG is not precluded from challenging the liability determinations of the district court under our § 1295 jurisdiction once the damages determination is completed. Mondis admits as much. *See* Appellee’s Br. at 19 n.1 (“LG will eventually have a right to appeal the liability judgment.”). For the purposes of this interlocutory appeal, however, LG has missed the statutory deadline and is untimely. We therefore dismiss for lack of jurisdiction.

**DISMISSED**

## CERTIFICATE OF SERVICE AND FILING

I certify that on September 2, 2021, I electronically filed the foregoing **LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A., INC.'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING *EN BANC*** of Defendant-Appellants LG Electronics Inc. and LG Electronics U.S.A., Inc. using the Court's CM/ECF filing system. Counsel for appellant and appellee were electronically served by and through the Court's CM/ECF filing system per Fed.R.App.P. 25 and Fed.Cir.R. 25(e).

*/s/ Michael J. McKeon*
Michael J. McKeon

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 35(b)(2)(A). The brief contains 3831 words. This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman, 14 Point.

Dated: September 2, 2021

*/s/ Michael J. McKeon*
Michael J. McKeon